**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:14-cv-378-FDW**

| | |
|---|---|
| LEONARD A. GIVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DAVID AARON, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e) and 1915A. On July 9, 2014, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6). Thus, Plaintiff is proceeding in forma pauperis.

**I.    BACKGROUND**

Pro se Plaintiff Leonard A. Givens, a North Carolina state court inmate currently incarcerated at Brown Creek Correctional Institution in Polkton, North Carolina, filed this action on July 9, 2014, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution based on an alleged sexual assault while he was incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. In his Complaint, Plaintiff names the following persons as Defendants: (1) David Aaron, identified as a Unit Manager at Lanesboro; (2) R. David Mitchell, identified as the Correctional Administrator at Lanesboro; (3) John

1

Reynolds, identified as a Lieutenant at Lanesboro; (4) and John Does 1 through 5, identified as correctional officers at Lanesboro and members of the Prison Emergency Response Team ("PERT").

The following allegations by Plaintiff are taken as true for the purpose of this initial review:

On December 12, 2013, at around 11:30 a.m., John Doe 1 came to Plaintiff's door, knocked on his cell door, ordered him to get dressed, and told him he was being taken to "Master Control." (Doc. No. 1 at 5-6). Plaintiff alleges that he began to get dressed as ordered and was escorted to Master Control by John Does 1 through 5. (Id. at 6). Once Plaintiff got there, Defendant Aaron said to Plaintiff, "We're going to search you and I don't care if it's done by force. It's going to get done." (Id.). Plaintiff was taken to a "change-out cell" by John Does 2 through 5 and locked in there. (Id.). About fifteen minutes later, Defendant Reynolds came with two handheld cameras and gave one to Defendant Aaron. John Does 2 through 5 then came inside the change-out cell, stood Plaintiff up, and then laid him face down on the floor. (Id.). John Does 2 through 5 held Plaintiff's hands and feet so he couldn't move while John Doe 1 took out a knife and began cutting Plaintiff's pants and t-shirt off of him. (Id.). Defendants Reynolds and Aaron both recorded this on their handheld cameras. (Id.). John Doe 2 began deliberately twisting Plaintiff's wrist and arm as if he was trying to break it, causing Plaintiff to scream, "Oh my wrist!" (Id.). John Doe 2 continued twisting Plaintiff's wrist and arm until John Doe 1 finished cutting off Plaintiff's pants and t-shirt. (Id.). Plaintiff was not resisting in any way during this time. (Id.). Plaintiff was then rolled onto his side by John Does 2 through 5. (Id.). John Doe 1 pulled Plaintiff's boxers open, stuck his hands inside Plaintiff's boxers, grabbed Plaintiff's penis, and began stroking Plaintiff's penis in an up-and-down motion. (Id.). John

Doe 1 then began to fondle and squeeze Plaintiff's testicles and he moved his hands further between Plaintiff's legs to his anus. (Id.). John Does 2 through 5 then stood Plaintiff up. (Id.). Another PERT correctional officer came over and began touching the lining of Plaintiff's boxers by his thighs. (Id.). John Doe 1 then said, "Yeah, we got to take these off." (Id.). John Doe 1 then pulled Plaintiff's boxers down to his ankles, leaving Plaintiff standing naked, while being recorded by Defendants Reynolds and Aaron. (Id.). During these events, Plaintiff did not resist or threaten the officers in any way or break any prison rules. (Id.). Since the incident, Plaintiff filed numerous sick calls regarding the sexual assault.[1] (Id.). Plaintiff alleges that Defendants' conduct constituted cruel and unusual punishment in violation of Plaintiff's Eighth Amendment rights. (Id. at 7). Plaintiff seeks declaratory relief as well as compensatory and punitive damages. (Id. at 5).

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

---

[1] He also filed a grievance about the incident and pursued the grievance through Step Three, thus exhausting his administrative remedies. See (Doc. No. 11 at 1-4).

Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The Eighth Amendment protects inmates from repetitive and harassing searches, and from sexual abuse. Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000). Rape or other sexual assault perpetrated by a guard against an inmate is offensive to human dignity and violates the Eighth amendment regardless of lasting physical injury. Id.

First, as to Defendant David Mitchell, identified as the Correctional Administrator at Lanesboro, Plaintiff does not allege any personal involvement by Defendant Mitchell, and he cannot be held liable for the alleged acts of the other officers because liability under § 1983 cannot be based on respondeat superior. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). Thus, the Court will dismiss Defendant Mitchell from this action.

Taking Plaintiff's allegations as true for the purposes of this initial review, the Court

finds that Plaintiff states an Eighth Amendment claim against Defendants Reynolds, Aaron, and John Does 1 through 5. That is, Plaintiff's Eighth Amendment claim survives as to John Doe 1, the officer who actually perpetrated the alleged sexual assault. As to the remaining Defendants, Plaintiff has sufficiently stated a claim against them for failure to intervene to stop the sexual assault. See Randall v. Prince George's Cnty., Md., 302 F.3d 188, 202 (4th Cir. 2002).

Finally, as to John Does 1 through 5, Plaintiff states that he has been unable to determine the identity of these officers. Although the discovery period has not commenced, this Court authorizes Plaintiff to submit a limited discovery request to Defendants at this time, seeking the names of the PERT officers who participated in the search of Plaintiff on December 12, 2013. See FED. R. CIV. P. 26(d) (stating that a court may authorize discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interest of justice). If Plaintiff submits such limited discovery request to Lanesboro administrators, administrators shall respond to the request within 20 days of receiving the request. Once Plaintiff receives the names of the officers who participated in the search, Plaintiff will then need to amend the Complaint to provide the actual names of these officers. Plaintiff will also need to prepare the summons forms for service on these five Defendants and submit the forms to the Court. Plaintiff can later, during the regular discovery period, submit discovery requests in order to identify the name of the John Doe Defendant who allegedly perpetuated the sexual assault.

IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, as to all Defendants except for Defendant Mitchell.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review as to all Defendants except

5

Defendant Mitchell.

2. The Clerk shall send Plaintiff summons forms to fill out and return to the Court so that service may be made on the remaining seven Defendants. When Plaintiff obtains the names of the John Doe Defendants, Plaintiff shall then fill out the summons forms as to these Defendants and submit them to the Court. Once the Court receives all of the summons forms from Plaintiff, the Court will provide the forms to the U.S. Marshal for service on all of the named Defendants.

3. The Clerk shall mail this Order to prison administrators at Lanesboro Correctional Institution.

Signed: March 10, 2015

Frank D. Whitney
Chief United States District Judge