UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-378-FDW

| | | |
|---|---|---|
| LEONARD A. GIVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DAVID AARON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Defendants' Motion to Strike Plaintiff's Amended Complaint. (Doc. No. 60).

Plaintiff filed the original complaint in this action on July 9, 2014. (Doc. No. 1). In his initial complaint, Plaintiff claims that Defendants sexually assaulted him while searching for contraband at Lanesboro Correctional Institution on December 12, 2013. On September 10, 2015, those Defendants who were served with the Complaint filed an Answer. (Doc. No. 41). On September 14, 2015, the Court entered a pretrial scheduling order. (Doc. No. 42). On December 2, 2015, the Court amended the scheduling order. (Doc. No. 50). Discovery ended on February 11, 2016, and the deadline for filing dispositive motions is March 11, 2016. On January 25, 2015, Plaintiff filed a document titled "Amended Complaint." (Doc. No. 59). On February 1, 2016, Defendants filed the pending motion to strike the amended complaint. (Doc. No. 60).

The Court agrees with Defendants that Plaintiff's Amended Complaint is improper and should be stricken. Under Rule 15 of the Federal Rules of Civil Procedure, Plaintiff was

1

required to obtain permission from the Court before filing the Amended Complaint. See FED. R. CIV. P. 15(a) (stating that a party may amend its pleading once as a matter of course within a specified time period, and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave"). Furthermore, allowing Plaintiff to amend the complaint at this late stage in the proceedings would prejudice Defendants. Finally, as Defendants note, the amended complaint is not, in any event, proper in its form because, rather than being full and complete on its own, Plaintiff has merely attempted to add factual allegations to the already existing complaint. For all these reasons, Plaintiff's Amended Complaint, (Doc. No. 60), is hereby stricken from the record.

**IT IS THEREFORE ORDERED THAT:**

(1) Defendants' Motion to Strike Plaintiff's Amended Complaint, (Doc. No. 60), is **GRANTED**.

Frank D. Whitney
Chief United States District Judge